UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

| | |
|---|---|
| BENJAMIN RODRIGUEZ, | **COMPLAINT** |
| Plaintiff, | Civil Action No. |
| -against- | **Demand for Trial by Jury** |
| FRANCO REALTY ASSOCIATES, LLC AND PAUL LULAJ, in his official and individual capacities, | |
| Defendants. | |

―――――――――――――――――――――――――――

Plaintiff, Benjamin Rodriguez ("Plaintiff" and/or "Rodriguez"), by his attorneys the Law Offices of Rudy A. Dermesropian, LLC, makes the following allegations against defendants Franco Realty Associates, LLC ("Franco Realty") and Paul Lulaj ("Lulaj") (collectively "Defendants"):

## **INTRODUCTION**

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq*. ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits.

2. Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

3. Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

## THE PARTIES

4. Plaintiff, an individual and resident of the Bronx, New York, is a former employee of Defendants.

5. Plaintiff was employed by Defendants in or about 2005 as a Superintendent of the building located at 612 East 180th Street, Bronx, New York (the "Building").

6. However, Plaintiff worked as a Superintendent for the Building for over 20 years.

7. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

8. Defendant Franco Realty is a for-profit privately held domestic limited liability company established and conducting business in New York with a principal place of business located at 207 First Street, Yonkers, NY 10704.

9. Defendant Franco Realty is a covered employer that engaged and continues to engage in interstate commerce within the meaning of the FLSA and NYLL.

10. Defendant Franco Realty is the owner and managing company of the Building.

11. At all relevant times herein, Defendant Lulaj was the Property Manager for the Building and was Plaintiff's direct supervisor.

12. Defendant Lulaj exercised control over Plaintiff's employment, including but not limited to, Plaintiff's work hours, rate of pay, and record creation and retention.

13. At all relevant times herein, Defendants employed Plaintiff.

14. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

16. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Plaintiff's claims involve matters of national or interstate interest.

18. Defendants are subject to personal jurisdiction in New York because, among other things, they maintain offices and/or reside in New York, they conduct business in New York and the actions occurred in Bronx, New York.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in the Southern District of New York.

21. A substantial part of the events or omissions giving rise to the claims occurred in this District.

22. Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTS

23. Plaintiff became the Superintendent of the Building in or about 2002.

24. Plaintiff started working for Defendants in or about 2005 until his termination on March 15, 2022.

25. Throughout his employment with Defendants, Plaintiff had and maintained the position of Superintendent of the Building.

26. As a Superintendent, Plaintiff was responsible for maintaining, cleaning the Building, and attending to residents' complaints.

27. Plaintiff's duties and responsibilities included but were not limited to sweeping, mopping, working in the compactor room, picking-up garbage from each floor in the building, changing lightbulbs in the common areas, sweeping outside the building, and doing certain other maintenance jobs around the building.

28. For the entire time that Plaintiff worked for Defendants, Plaintiff was paid only $100.00 for an entire week of full-time labor.

29. The foregoing was admitted to by Defendants in a signed letter dated August 1, 2016 that was executed by Lulaj, stating in part: "This letter is to inform you that Benjamin Rodriguez is the current superintendent of at 612 East 180th Street in the Bronx, NY. He currently received $100.00 a week for taking care of the building."

30. Every week during his employment history with Defendants, Plaintiff worked over 40 hours per week.

31. Specifically, Plaintiff worked overtime hours each week during his employment taking care of the entire Building and addressing all complaints and issues raised by the Building residents.

32. However, Plaintiff was never paid the proper overtime rate for any worked hour over 40 hours per work week.

33. From in or about March 15, 2016 until March 15, 2022, Plaintiff worked a minimum of sixty (60) hours per week, which includes a minimum of twenty (20) hours of overtime per work week.

34. During that entire time, Plaintiff was only paid $100 per week until his termination, which is the equivalent of $1.67 per hour.

35. From March 15, 2016 until March 15, 2022, Plaintiff worked a minimum of 3,130 hours of overtime for which he was not paid the correct rate.

36. In fact, from March 15, 2016 until March 15, 2022, Plaintiff was not paid the prevailing minimum wage in New York.

37. Plaintiff's damages for the foregoing period of time include, but are not limited to, a minimum amount of $282,130 in unpaid minimum wages, including liquidated damages, and $121,455 in unpaid overtime wages, including liquidated damages.

38. Plaintiff is also entitled to compensation due to Defendants' violations of NYLL §§ 198(1-b) and 198(1-d), and reasonable attorney's fees pursuant to the FLSA and NYLL.

39. At no time during his employment with Defendants was Plaintiff paid the minimum wage, over-time, or spread-of-hours.

40. Plaintiff was also never afforded a meal break during that entire period of time.

41. Plaintiff made numerous complaints and inquiries pertaining to Defendants' failure to pay him either the minimum wage, over-time, or spread-of-hours to Defendant Lulaj to no avail.

42. Plaintiff was also not provided with any paid vacation, sick days or any form of personal time off after years of employment with Defendants.

43. In or about March 2022, Defendants sold the Building without providing Plaintiff with any advance notice in order to allow him to secure new employment, causing him to further suffer financially.

44. Defendant Lulaj has the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the Franco Realty's operations, and to exercise control over Franco Realty's employees, like Plaintiff.

45. Defendants are liable under the FLSA and NYLL, *inter alia*, for failing to properly compensate Plaintiff.

46. Defendants also failed to provide Plaintiff with a wage notice or a proper wage statement in violation of the FLSA and NYLL.

47. Plaintiff has been victim of a policy and plan perpetrated by Defendants that have violated his rights under the FLSA and the NYLL by denying him minimum wages, overtime wages, spread-of-hours wages, and call-in pay.

48. At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

49. As part of their ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint.  This ongoing policy, pattern or practice included, but is not limited to:

   a. Defendants failing to pay Plaintiff minimum wages, overtime for hours worked over forty in a workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at least four hours per day; and

    b. Defendants failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

50. Defendants' unlawful conduct described in this Complaint has been pursuant to a company policy or practice of minimizing labor costs by knowingly refusing and failing to pay employees for minimum wages and overtime hours in violation of the FLSA and the NYLL.

51. Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent and ongoing.

52. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

53. In or about March 2022, when Defendants sold the Building, Plaintiff's employment was terminated with Defendants, Defendant Lulaj promised Plaintiff a significant financial payment to compensate him for the years of underpayment and intentional violation of federal and state law. However, to date, Defendants have not made any such payment to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Wages**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

56. Defendants have failed to pay Plaintiff overtime wages at time and a half for hours that he worked over 40 hours in a work-week.

57. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recover such amounts,

liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the FLSA.

58. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

59. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

62. Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

63. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the FLSA.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime Wages

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

66. Defendants have failed to pay Plaintiff overtime wages to which he is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

67. By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per work week, they willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law – Minimum Wage Violations

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. The minimum wage provisions set forth in the New York Labor Law, and its supporting regulations, apply to Defendants and protect Plaintiff.

72. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for each hour worked.

73. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, et seq., and its supporting regulations.

74. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law Article 19 – Spread-of-Hours Pay

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which she worked more than 10 hours.

77. By Defendants' failure to pay Plaintiff spread-of-hours, Defendants have willfully violated NYLL Art. 19 §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

78. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

## AS AND FOR A SIXTH CAUSE OF ACTION
### New York Labor Law Article 19 – Recordkeeping Violations

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each work week, as required by NYLL Art. 19 *et seq.*, and supporting regulations.

81. As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to FLSA.

82. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to recordkeeping.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of New York Labor Law Article 6, § 198-c

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants had an obligation to pay Plaintiff for the overtime hours he worked.

85. Defendants failed, neglected and refused to pay the amounts necessary to Plaintiff within thirty days after such payments were required to be made.

86. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

87. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Failure to Provide Wage Notice Pursuant to NYLL**

88.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants have willfully failed to supply Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

90.     Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## AS AND FOR A NINTH CAUSE OF ACTION
**Failure to Provide Wage Statement Pursuant to NYLL**

91.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Defendants have willfully failed to provide Plaintiff with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

93. Due to Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, prejudgment and post-judgment interest, and injunctive and declaratory relief.

### AS AND FOR A TENTH CAUSE OF ACTION
**Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434(a)**

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

96. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Retaliation in Violation of NYLL**

97. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Plaintiff is an employees within the meaning of NYLL §215.

99. Defendants are employers within the meaning of NYLL §215.

100. While employed by Defendants, Plaintiff verbally complained to Defendants about Defendants' practice, policy and procedure of not paying overtime or minimum wages.

101. Plaintiff's verbal complaints to Defendants constitute protected activity under the NYLL.

102. Upon complaining to Defendants about his unlawful employment practices, Defendants retaliated against Plaintiffs by not informing him of the sale of the building and terminating his employment.

103. A causal connection exists between the Plaintiff's complaints to Defendants and Defendants' decisions to terminate his employment.

104. Defendants violated NYLL §215 by retaliating against Plaintiff for complaining to Defendants about their unlawful employment practices, policies, and procedures that violates that NYLL.

## DEMAND FOR TRIAL BY JURY

105. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Benjamin Rodriguez, respectfully requests the following relief:

A. Unpaid overtime and minimum wages, as well as an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid overtime and minimum wages pursuant to NYLL, as well as an additional and equal amount as liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor regulations;

C. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime and minimum wage compensation pursuant to the FLSA and NYLL;

D. A maximum of $5,000 for failure to provide a proper wage notice upon hire or annually;

E. A maximum of $5,000 for failure to provide proper wage statements pursuant to the NYLL;

A. Pre-judgment and post-judgment interest;

B. Issuance of a declaratory judgment that the practices and policies complained of in this Complaint are unlawful under the FLSA, the NYLL and the supporting United States and New York State Department of Labor regulations;

C. An injunction requiring Defendant to pay all statutorily required wages and benefits pursuant to the FLSA and NYLL;

D. Payment of lost compensation, back-pay, fringe benefits, and additional amounts such as liquidated damages;

E. Reasonable attorneys' fees and costs of this action;

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: New York, New York
       July 27, 2022

        Respectfully Submitted,

        **LAW OFFICES OF**
        **RUDY A. DERMESROPIAN, LLC**

By: ___*s/ Rudy A. Dermesropian*_____
        Rudy A. Dermesropian (RD 8117)
        810 Seventh Avenue, Suite 405
        New York, NY 10019
        Telephone: (646) 586-9030
        Fax: (646) 586-9005

        *Attorneys for Plaintiff Benjamin Rodriguez*