UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――
BENJAMIN RODRIGUEZ,
                     Plaintiff,

              -v-

FRANCO REALTY ASSOCIATES,
LLC, *et al.*,
                     Defendants.
―――――――――――――――――――――――――――――――――

22-CV-6380 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Benjamin Rodriguez ("Rodriguez") brings this action against Franco Realty Associates, LLC ("Franco Realty") and Paul Lulaj ("Lulaj") (collectively "Defendants") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq.* ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL.  Defendants have appeared in this action but have failed to answer or otherwise move or respond to the complaint.  Plaintiff now moves for default judgment.  (ECF No. 11.)  For the reasons that follow, the motion is granted.

**I.**    **Background**

    **A.**    **Factual Background**

       The following background facts are taken from the Complaint.  (ECF No. 1 ("Compl.").)  Franco Realty is the owner and managing company of a building located at 612 East 180th Street, Bronx, New York (the "Building").  (Compl. ¶¶ 5, 10.)  From in or about 2005 until his termination on March 15, 2022, Rodriguez worked for Defendants as the Superintendent of the Building.  (*Id.* at ¶¶ 23-24.)  Lulaj was the Property Manager for the Building and was

Rodriguez's direct supervisor.  (*Id.* ¶ 11.)  Lulaj exercised control over Rodriguez's work hours, rate of pay, and record creation and retention.  (*Id.* ¶ 12.)

In his position as Superintendent, Rodriguez was responsible for maintaining and cleaning the Building, and attending to residents' complaints.  (*Id.* ¶ 26.)  Throughout his employment, Rodriguez worked over 40 hours per week and was paid $100 per week.  (*Id.* ¶¶ 28, 30.)  Defendants acknowledged in a signed letter that Rodriguez "received $100.00 a week for taking care of the building."  (*Id.* ¶ 29.)

From in or about March 15, 2016, until his termination on March 15, 2022, Rodriguez worked a minimum of 60 hours per week, meaning that he worked a minimum of 20 hours overtime per week.  (*Id.* ¶ 33.)  As Rodriguez was paid $100 per week, his compensation amounted to $1.67 per hour.  (*Id.* ¶ 34.)  Rodriguez worked a minimum of 3,130 hours of overtime for which he was not paid the prevailing minimum wage in New York.  (*Id.* ¶¶ 35-36.)

Plaintiff made numerous complaints and inquiries pertaining to Defendants' failure to pay him the minimum wage, overtime, or spread-of-hours to Defendant Lulaj to no avail. (*Id.* ¶ 41.)  Defendant Lulaj promised Rodriguez "a significant financial payment to compensate him for the years of underpayment and intentional violation of federal and state law.  However, to date, Defendants have not made any such payment" to Rodriguez.  (*Id.* ¶ 53.)

**B.     Procedural History**

Rodriguez commenced this this action on July 27, 2022.  (Compl.)  The Summons and Complaint were served on Defendant Franco Realty Associates, LLC on August 25, 2022, and on Defendant Paul Lulaj on August 26, 2022.  (ECF No. 5.)  Counsel for Defendants appeared on the docket on February 2, 2023.  (ECF No. 6.)  To date, Defendants have not answered, moved, or otherwise responded to the Complaint.  The Clerk entered a Certificate of Default on

July 7, 2023. (ECF No. 10.) Rodriguez filed a motion for default judgment on July 9, 2023 and served Defendants with the motion. (ECF Nos. 11, 14.)

## II.     Legal Standard

By failing to answer the complaint, Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). But because a party in default does not admit conclusions of law, "[i]t is the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted." *NorGuard Ins. Co. v. Lopez*, No. 15-CV-5032, 2017 WL 354209, at *15 (E.D.N.Y. Jan. 24, 2017) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Education and Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 232 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## III.    Discussion

### A.     Allegations in Support of Liability

#### 1.     Minimum Wage and Overtime Claims

To state an FLSA minimum wage claim, a plaintiff must allege that he was the defendant's employee, that his work involved interstate activity, and that he worked hours for which he did not receive minimum and/or overtime wages. *Zokirzoda v. Acri Cafe Inc.*, No. 18-

3

CV-11630 (JPO), 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020); *see also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."). The analysis is the same for NYLL wage-and-hour claims, except that plaintiffs need not show a nexus with interstate commerce or a minimum amount of annual sales. *Zokirzoda*, 2020 WL 359908, at *2.

First, Rodriguez's allegations are sufficient to establish that he was an employee of Defendants under the FLSA. Employment for FLSA purposes is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances," and courts look the "economic reality" of an employment relationship. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (citation and internal quotation marks omitted). There are four factors relevant to the analysis: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 105 (citation omitted). Rodriguez alleged that his supervisor, Lulaj, "exercised control over . . . [Rodriguez's] work hours, rate of pay, and record creation and retention" and that Lulaj "ha[d] the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the Franco Realty's operations, and to exercise control over Franco Realty's employees, like [Rodriguez]." (Compl. ¶¶ 12, 44.) Accordingly, Rodriguez has properly alleged that he was an employee of Defendants for FLSA purposes.

Second, Rodriguez's allegations are sufficient to establish that he was covered by the FLSA. An employee is covered by the FLSA if he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). In addition, the enterprise must have at least $500,000 in gross volume of sales made or business done. 29 U.S.C. § 203(s)(1)(A)(ii). Rodriguez alleges that "Franco Realty is a covered employer that engaged and continues to engage in interstate commerce within the meaning of the FLSA and NYLL" and that "at all relevant times, Defendants had gross revenues in excess of $500,000." (Compl. ¶¶ 9, 14.) Rodriguez is therefore an employee covered by the FLSA.

Third, Rodriguez's allegations are sufficient to establish that he did not receive minimum and overtime wages. To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period. *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007). Likewise, to state an FLSA overtime claim, a plaintiff must allege only that he worked more than forty hours of compensable overtime in a workweek, and that he was not properly compensated for that overtime. *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Rodriguez alleges that during all relevant time periods, he worked at least 60 hours per week and received only $100 per week. (Compl. ¶¶ 33-34.) These allegations are sufficient to state a claim for failure to pay minimum and overtime wages in violation of FLSA.

Rodriguez's allegations are also sufficient to establish Defendants' liability under the NYLL for minimum and overtime wage violations. "To establish employment for NYLL

purposes, courts look to the 'degree of control exercised by the purported employer, as opposed to the economic reality of the situation.'" *Zokirzoda*, 2020 WL 359908, at *3 (internal citations omitted).  Because Lulaj "exercised control over . . . [Rodriguez's] work hours [and] rate of pay" and generally "exercise[d] control over Franco Realty's employees, like [Rodriguez]," the Court concludes that Rodriguez was an employee of Defendants for purposes of the NYLL. (Compl. ¶¶ 12, 44.)  And for the same reasons that Defendants are liable for the overtime wages violations under the FLSA, Defendants are also liable under the NYLL.

### 2. Spread-of-Hours Claims

Rodriguez further alleges that he is due spread-of-hours pay under the NYLL.  (Compl. ¶ 77.)  Rodriguez represents that he worked more than ten hours per day and never received any spread-of-hours pay.  (*Id.* ¶ 76.)  These allegations are sufficient to support his spread-of-hours claim under the NYLL.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a).

### 3. Wage Notice and Wage Statement Claims

Rodriguez also alleges that Defendants failed to provide Rodriguez with a wage notice, as required by NYLL § 195(1)(a), or a proper wage statement, as required by NYLL § 195(3). (Compl. ¶ 46.)  The Court concludes that Rodriguez's allegations are sufficient to support Defendants' liability under NYLL § 195(1)(a) and NYLL § 195(3).

### 4. Retaliation Claim

Rodriguez also seeks to recover for retaliation in violation of NYLL § 215.  In relevant part, Section 215(1) of the NYLL provides that: "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."  N.Y. Labor Law § 215(1).

"To establish a prima facie claim of retaliation under Section 215(1) of the NYLL, 'a plaintiff must show [ ] participation in protected activity [ ] and a causal connection between the protected activity and the adverse employment action.'" *Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 358 (E.D.N.Y. 2021) (internal citations omitted).

Rodriguez alleges that he participated in a protected activity when he "verbally complained to Defendants about Defendants' practice, policy and procedure of not paying overtime or minimum wages." (Compl. ¶ 100.) Rodriguez "made numerous complaints and inquiries pertaining to Defendants' failure to pay him either the minimum wage, over-time, or spread-of-hours to Defendant Lulaj to no avail." (*Id.* ¶ 41.) Informal complaints suffice to confer protection against retaliation, and the employee need not specify the New York Labor Law provision that the employer allegedly violated. *See* N.Y. Lab. Law § 215(1)(a) ("An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section.") The Court therefore concludes that Rodriguez has established that he participated in a protected activity.

Rodriguez further alleges that "[u]pon complaining to Defendants about [their] unlawful employment practices, Defendants retaliated against Plaintiff[] by not informing him of the sale of the building and terminating his employment." (Compl. ¶ 102.) Rodriguez alleges that "[i]n or about March 2022, Defendants sold the Building without providing Plaintiff with any advance notice in order to allow him to secure new employment, causing him to further suffer financially." (*Id.* ¶ 43.) Rodriguez alleges that he made "numerous complaints and inquiries" pertaining to Defendants' violations (*Id.* ¶ 41), but he does not specify that he made any complaints close in time to Defendants' decision to sell the Building without notifying Rodriguez in March 2022. These allegations therefore fail to establish a causal connection

7

between the protected activity and the alleged adverse employment action, and the Court need not reach the issue of whether Defendants' action constituted an adverse employment action.

The Court therefore concludes that Rodriguez has failed to establish a retaliation claim under NYLL § 215.

### B. Evidence in Support of Damages

Plaintiff seeks minimum and overtime wages under the FLSA and NYLL, spread-of-hours pay under NYLL, liquidated damages for wage and hour violations, statutory damages for failure to give written wage notices and wage statements under the NYLL, prejudgment interest, and attorney's fees and costs. Default judgment has already been denied as to the retaliation claim. The Court addresses these remaining claims in turn.

#### 1. Minimum and Overtime Wages

Both the FLSA and the NYLL require employers to pay their employees at least the respective federal or state minimum wage for every hour worked. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). Additionally, both the FLSA and the NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. See 29 U.S.C. §§ 207(a)(1), 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. For hours worked and overtime pay, Rodriguez is owed $246,685.00. (ECF No. 12 at 8.)

#### 2. Spread-of-Hours Damages

The NYLL requires employers to pay an employee who works a "spread of hours" in excess of ten hours per day an additional hour of compensation at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a). Rodriguez submits that throughout the relevant time period, he worked twelve hours per day, five days per week, but Defendants never paid him

the extra spread-of-hours compensation. For spread-of-hours pay, Rodriguez is owed $19,852.50. (ECF No. 12 at 8.)

### 3. Liquidated Damages

The FLSA and the NYLL each provide for liquidated damages in an amount equal to compensatory damages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Employees are entitled to liquidated damages unless employers can establish a good-faith defense. 29 U.S.C. § 260; N.Y. Lab. Law § 663(1). "Defendants that fail to respond to a motion for default judgment necessarily fail to carry their burden to demonstrate good faith." *Zokirzoda*, 2020 WL 359908, at *6 (citing *Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, at *5 (E.D.N.Y. July 2, 2014)).

"[A] plaintiff cannot simultaneously recover liquidated damages under both the FLSA and the NYLL." *Zokirzoda*, 2020 WL 359908, at *6 (citing *Sai Qin Chen v. E. Mkt. Rest., Inc., No. 13 Civ 3902*, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (summary order). Plaintiffs are entitled, however, to "recover under the statute that provides the great[er] relief." *Id.* (citing *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (alteration in original)). Because Rodriguez can recover both unpaid wages and spread-of-hours compensation under the NYLL, the Court calculates Rodriguez's liquidated damages under the NYLL. Rodriguez is entitled to $246,685.00 in minimum and overtime wages and $19,852.50 in unpaid spread-of-hours compensation, and his liquidated damages therefore amount to $266,537.50.

### 4. Wage Notice and Wage Statement Damages

The NYLL requires employers to provide each employee with a notice of her rate of pay at the time of hiring. N.Y. Lab. Law § 195(1)(a). A plaintiff may recover fifty dollars per

9

workday during which the employer continually failed to give this notice up to a maximum of $5,000. *Id.* § 198(1-b). Rodriguez submits that he worked for Defendants for 312.5 weeks and never received a wage notice. He is therefore entitled to the maximum statutory damages of $5,000.00. (ECF No. 12 at 8.)

A plaintiff may recover two hundred fifty dollars for each work week during which the employer failed to provide a pay stub, up to a maximum of $5,000.00. N.Y. Lab. Law § 198(1-d). Rodriguez worked for Defendants for 312.5 weeks during the relevant pay periods. He is therefore entitled to the maximum statutory damages of $5,000.00. (ECF No. 12 at 8.)

### 5. Prejudgment Interest

The NYLL provides for an award of prejudgment interest in addition to liquidated damages. N.Y. Lab. Law § 198(1-a). Prejudgment interest is available only for actual damages under the NYLL, not liquidated damages or statutory penalties. *Zokirzoda*, 2020 WL 359908, at *6 (internal citations omitted). New York's statutory prejudgment interest rate is nine percent per annum. N.Y. C.P.L.R. § 5004. "Where [] damages were incurred at various times," as is the case with unpaid wages over the course of several years, "interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Zokirzoda*, 2020 WL 359908, at *6 (quoting N.Y. C.P.L.R. § 5001(b)). "That intermediate date is frequently the midpoint of the plaintiff's employment." *Id.* (citing *Zheng Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ 4193, 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019)).

The midpoint of Rodriguez's employment is March 15, 2019. Excluding liquidated damages and the wage notice and wage statement penalties, he is owed $266,537.50 under the NYLL. Thus, he is entitled to statutory prejudgment interest of nine percent per year on this amount from March 15, 2019.

### 6. Attorney's Fees

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1). "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award." *Zokirzoda*, 2020 WL 359908, at *7 (quoting *Tackie v. Keff Enters. LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)). "The starting point for determining an award of attorney's fees is the lodestar approach, 'which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively.'" *Id.* "The plaintiff has the burden to produce 'contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.'" *Id.* (quoting *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam) (citation omitted).

Plaintiff has requested $266,537.50 in attorney's fees and $731.00 in costs without producing any supporting time records indicating, for each attorney, the date, the hours expended, and the nature of the work done. Without these time records, the Court is unable at this time to determine the reasonable attorney's fees owed to Rodriguez. Accordingly, the Court will permit Plaintiff to file a supplemental post-judgment motion for attorney's fees, with proper documentation, provided that he does so within 30 days.

## IV. Conclusion

For the foregoing reasons, Rodriguez's motion for default judgment is GRANTED.

The Clerk of Court is directed to calculate prejudgment interest on $266,537.50 from March 15, 2019, to the date of judgment, at a rate of nine percent per annum.

The Clerk is directed to enter judgment in favor of Rodriguez and against Defendants in the amount of $543,075.00 plus the prejudgment interest described above. The judgment shall

include: (1) damages for back pay, unpaid overtime wages, spread-of-hours pay, statutory damages, and liquidated damages; and (2) prejudgment interest on $266,537.50 from March 15, 2019, to the date of judgment at a rate of nine percent per annum.

Plaintiff may, within 30 days of the date of this order, file a post-judgment motion for attorney's fees, with supplemental briefing and the necessary time records indicating, for each attorney, the date, the hours expended, and the nature of the work done, in order for the Court to calculate the reasonable attorney's fees owed to Rodriguez.

The Clerk of Court is directed to close the motion at ECF Number 11 and, upon entering judgment, to close this case.

SO ORDERED.

Dated: December 19, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge